U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 17 P 12: 12

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JEFFREY RIVARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF BRATTLEBORO, ADAM | ) | Case No. 2:24-cv-875 |
| PETLOCK, RYAN WASHBURN, JOHN | ) | |
| POTTER, | ) | |
| | ) | |
| TOWN OF BRATTLEBORO, JOHN | ) | Case No. 2:24-cv-876 |
| POTTER, BRATTLEBORO POLICE | ) | |
| DEPARTMENT, ADAM PETLOCK, | ) | |
| | ) | |
| TOWN OF BRATTLEBORO POLICE, | ) | Case No. 2:24-cv-877 |
| JOHN POTTER, | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | Case No. 2:24-cv-878 |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**
**DENYING MOTION TO VACATE OR MODIFY FILING INJUNCTION**
(Doc. 7)

I.    **Procedural History.**

On August 8, 2024, self-represented Plaintiff Jeffrey Rivard filed a motion for

leave to proceed *in forma pauperis* ("IFP") in each of the above-captioned cases and

proposed Complaints.[1] On December 13, 2024, the court granted his applications to

---

[1] The court described the factual basis for the four proposed Complaints (Doc. 2 at 1-4), each of which involves the Town of Brattleboro and took judicial notice of four additional state court cases, three of which involved the Town of Brattleboro. The Vermont Supreme Court affirmed the dismissal of Plaintiff's state court claims noting that Plaintiff's complaints to the Brattleboro police department of February 2021, May 2021, August 2021, and February 2022 were "investigated and resolved, and that the results of the investigations were communicated to him." *See Rivard v. Town of Brattleboro*, 2024 WL 1012380, at *3 (Vt. Sup. Ct. Mar. 8, 2024). On

proceed IFP, dismissed the proposed Complaints, and Ordered Plaintiff to Show Cause (the "Show Cause Order") by January 13, 2025, as to why a filing injunction should not be entered against him. Plaintiff timely filed a twenty-page response to the Show Cause Order in which he restated his claims from the dismissed proposed Complaints.

On November 14, 2025, the court issued a filing injunction based on Plaintiff's filing of "repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred[]" lawsuits in the District of Vermont. *Rivard v. Town of Brattleboro*, Case No. 2:24-cv-875, at Doc. 5 at 5.[2] The court recounted Plaintiff's history of filing unsuccessful cases in both federal and state court, recognized the importance of the finality of judgments, and quoted the warning issued by the Vermont Superior Court to Plaintiff on June 24, 2025, which cautioned against "future attempts to relitigate claims based on the same incidents previously asserted in prior lawsuits" and the "potential for sanctions for filing frivolous claims." *Id.* at 3-4. It appears that Plaintiff's filings in state court contain many of the same facts alleged in his federal cases.

On January 28, 2026, Plaintiff filed a motion to vacate or modify the filing injunction pursuant to Fed. R. Civ. P. 60(b). Plaintiff argues "[t]he injunction rests on factual errors, misapprehensions of Plaintiff's litigation conduct, and omissions of material evidence." (Doc. 7 at 1.) He contends that the criminal trespass charge against him has been dismissed, that he has settled all his related civil claims, and that the no-trespass order against him has been withdrawn.

## II.    Legal Conclusions and Analysis.

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on the reasons enumerated in the Rule. Fed. R. Civ. P. 60(b). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court[.]" *Stevens v.*

---

June 3, 2024, Plaintiff's petition for writ of certiorari was denied by the United States Supreme Court. 144 S. Ct. 2611 (2024).

[2] Each of the four dockets contain the same filings except for the proposed Complaints, which are specific to the Defendants named in each case.

*Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted); *see also Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) ("A denial of a motion . . . under Rule 60(b) is reviewed for abuse of discretion[.]") (internal quotation marks and citation omitted).

Rule 60(b) lists six specific grounds for relief, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . .

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is "generally not favored" and will be granted "only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden of proof is on the party seeking relief from judgment[.]" *Id.* Plaintiff cites all subparts of Rule 60(b) except (b)(4) as grounds for relief.

The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

3

Plaintiff makes several arguments in his motion to vacate or modify the filing injunction (Doc. 7) in addition to arguments raised in the supporting memorandum of law (Doc. 7-1). In essence, he argues that a filing injunction is not warranted and his claims are meritorious and not repetitive or vexatious.

**A.    Whether the Court Failed to Apply the *Safir* Factors.**

Plaintiff first challenges the filing injunction on the basis that it "recites the *Safir* factors but does not apply them to the four August 2024 [proposed C]omplaints." (Doc. 7 at 2) (italics supplied). He argues the filing injunction relied on "older federal cases from 2021-2023, Vermont Superior Court warnings, [and] a 2025 Vermont Supreme Court decision involving unrelated facts[]" but failed to "make specific findings that the filings at issue were frivolous or abusive." *Id.*

A court may issue a filing injunction without explicitly addressing the *Safir* factors provided the court "appropriately considered the relevant factors[.]" *In re Buczek*, 2023 WL 6618901, at *4 (2d Cir. Oct. 11, 2023). The Second Circuit explained that this was acceptable because:

> [t]he . . . court considered the nature of [plaintiff's] filings, including that *res judicata* barred his claims and that the claims had been repeated in both [federal] and state court. Because the [federal] court had already determined that the arbitration award was invalid, [plaintiff] did not have a good faith basis to pursue his claims regarding arbitration. Finally, because the underlying [federal] case had already been dismissed, further filings would be duplicative.

*Id.*; *see generally United States v. Folkes*, 461 F. App'x 15, 17 (2d Cir. 2012) ("We do not require district courts robotically to reference each . . . factor."); *Bertolini-Mier v. Upper Valley Neurology Neurosurgery, P.C.*, 2019 WL 5691884, at *5 (D. Vt. Nov. 4, 2019) ("The court is not required to make formal and explicit findings regarding each factor.").

The court considered each of the *Safir* factors in its analysis of Plaintiff's proposed Complaints. On December 13, 2024, as part of Plaintiff's application to proceed IFP, the court conducted a review pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the actions were "(i) frivolous or malicious; (ii) fail[ed] to state a claim on which relief may

4

be granted; or (iii) [sought] monetary relief against a defendant who is immune from such relief." *Id.* The court examined the factual allegations and legal claims in the four proposed Complaints "liberally" and "construe[d them] to raise the strongest arguments [they] suggest[ed.]" (Doc. 2 at 9.)

The court concluded that Plaintiff's proposed Complaints against the Town of Brattleboro or its employees, including its Town Manager and police officers, were barred by the doctrine of *res judicata* and therefore subject to dismissal. With respect to Plaintiff's proposed Complaint alleging claims against the United States Department of Justice, the court determined that dismissal was necessary because Plaintiff failed to allege a waiver of sovereign immunity. The court observed that "Plaintiff has attempted to sue the United States in this court previously, [and as such] he has been informed of the requirements for that type of suit." *Id.* at 11. As a result, the court did not grant leave to amend the proposed Complaints *sua sponte* because it found that "Plaintiff's claims [were] futile." *Id.*; *see also id.* at 12 (noting the "vexatious" nature of Plaintiff's filings and his "attempt[s] to assert claims in this court that have been dismissed in a previous suit[]"). It, however, did not preclude Plaintiff from petitioning to amend his proposed Complaints just as the filing injunction does not prohibit Plaintiff from filing lawsuits in this court. It only imposes a screening mechanism to ensure new complaints are not duplicative or vexatious.

In the Order to Show Cause, the court granted Plaintiff the opportunity to explain why the filing injunction should not be entered against him. The court noted Plaintiff's history of filings, including repeated claims that were dismissed because they were barred by the applicable statute of limitations or by claim preclusion, and included these facts to demonstrate that Plaintiff did not have an objective good faith expectation of prevailing because his cases alleging the same or substantially similar facts and causes of action that previously had been dismissed. *See Jean-Baptiste v. U.S. Dep't of Just.*, 2024 WL 1484200, at *4 (S.D.N.Y. Apr. 5, 2024) ("Plaintiff was or should have been aware when he filed this action that the complaint asserts claims that are frivolous[]") (citing *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009) (recommending courts "consider not only that

litigant's lifetime participation in all forms of civil litigation, but also his experience with the particular procedural setting presented[]")); *Zappin v. Comfort*, 2022 WL 6241248, at *24 (S.D.N.Y. Aug. 29, 2022) (concluding plaintiff "does not have an objective good faith expectation of prevailing in these suits[]" in part because "[a]t least six of his past federal lawsuits have been dismissed with prejudice, including on grounds of *res judicata* and for lack of subject matter jurisdiction"), *report & recommendation adopted* 2022 WL 4592551 (S.D.N.Y. Sept. 30, 2022).

Although he is not represented by an attorney, Plaintiff's litigation history in both state and federal court demonstrates that he has ample experience with the legal system. *See Estate of Puppolo v. Welch*, 2017 WL 4042342, at *11 (D. Vt. Sept. 12, 2017) ("Because she has initiated and pursued at least three lawsuits, each alleging some form of professional malpractice, she is not a neophyte in the requirements of litigation."); *see also United States v. Downs*, 2014 WL 3736056, at *4 n.1 (D. Vt. July 29, 2014) ("[The defendant's] prior criminal experience remains relevant because it reveals that [he] was not a neophyte confronted with a novel set of circumstances, but an individual who had some understanding of the criminal justice system and the consequences of waiving or invoking his rights.").

Plaintiff's litigation history also establishes his filings have needlessly consumed scarce judicial resources. *See Zappin*, 2022 WL 6241248, at *24 ("Plaintiff's lawsuits are . . . a drain on the courts, requiring processing by the clerk's staff, evaluation by defendants' counsel, and consideration by the presiding judge[]"). By repeating the warnings from federal and state courts, the court demonstrated that lesser sanctions have been ineffective in preventing Plaintiff from filing frivolous lawsuits. *See id.* ("[I]t is apparent that no sanction other than a pre-filing injunction would be sufficient to deter [p]laintiff from engaging in further vexatious, harassing, and duplicative litigation.") Because the court "appropriately considered the relevant factors," *In re Buczek*, 2023 WL 6618901, at *4, any lack of explicit findings for each of the *Safir* factors does not mandate relief.

**B.    Whether the Injunction Fails to Satisfy Fed. R. Civ. P. 65(d).**

Plaintiff cites Fed. R. Civ. P. 65(d) and claims the filing injunction fails to "• state reasons, • be specific, [and] • described acts restrained in reasonable detail." (Doc. 7-1 at 2.)[3] "Under Rule 65(d), an injunction must be more specific than a simple command[.]" *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 22 (2d Cir. 2023) (alteration and internal quotation marks omitted) (quoting *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001)). The injunction must instead "'state its terms specifically' and 'describe in reasonable detail . . . the act or acts restrained or required[.]'" *Poor v. Amazon.com Servs. LLC*, 104 F.4th 433, 441 n.8 (2d Cir. 2024) (quoting Fed. R. Civ. P. 65(d)).

Contrary to Plaintiff's assertion, the filing injunction in this case satisfies Rule 65(d)'s requirements. In terms of specificity and describing the prohibited acts in reasonable detail, the filing injunction states that Plaintiff is barred "from filing any new actions without first obtaining leave from the court." *Id.* at 4. The court explained that, "if Plaintiff wishes to commence an action in this court in the future, he must file with his proposed complaint a motion for leave to file[,]" which the court would then review to determine whether "the proposed action is repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred[.]" *Id.* at 4-5. Stated differently, the court restricted Plaintiff's ability (1) to file new actions (2) in the District of Vermont (3) without first seeking leave to commence a future action and (4) providing a proposed complaint which is not repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred for the court to review. The filing injunction thus complies with the requirements of Fed. R. Civ. P. 65(d).

---

[3] Plaintiff lists Rule 65(d) in his "Governing Legal Authorities" section, but he does not explain why the filing injunction is allegedly noncompliant and does not brief his position in his "Argument" section or anywhere else in the motion or supporting memorandum. (Doc. 7-1 at 1, 4) (capitalization omitted). The court nonetheless addresses it.

**C.    Whether the Court Improperly Relied on Unrelated State Court Litigation.**

Plaintiff next argues that the court's reliance on Vermont Superior Court cases involving "different defendants, different incidents, [and] different legal theories . . . cannot support a federal injunction." (Doc. 7 at 3.) Plaintiff has not presented the legal basis for restricting his litigation history to federal court only, and the court has found none. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528-29 (2d Cir. 2005) (affirming district court's filing injunction and "emphasiz[ing] the [d]istrict [c]ourt's finding that plaintiff had filed more than fifteen actions in the federal *and New York state courts*[]") (emphasis supplied); *Lau v. Meddaugh*, 229 F.3d 121, 122 (2d Cir. 2000) ("This case is the latest in a series of frivolous *state and* federal actions filed by [plaintiff]. Between 1996 and 1999, [plaintiff] filed at least two state and three federal actions involving the same underlying facts[.]") (emphasis supplied); *Orrego v. Knipfing*, 2026 WL 1265642, at *11 (E.D.N.Y. May 8, 2026) (issuing filing injunction and observing that the case was "one of nine lawsuits [plaintiff] has filed stemming from her employment with the [defendant], and the fifth in federal court, numbers that do not begin to capture the numerous related administrative complaints she has filed with various state agencies"). Because courts routinely rely on both state and federal litigation histories when issuing filing injunctions, the court did not err in doing so here.

**D.    Whether Newly Discovered Evidence Justifies Relief.**

Plaintiff contends new evidence warrants Rule 60(b)(2) relief. He states:

> [a]fter the injunction was entered, Plaintiff obtained evidence showing:

> 1. Scrivener's Error Was Knowing, Not Accidental

> In Vermont Superior Court Case No. 23-CV-209, Lt. Petlock acknowledged Academy School is public property. Yet he marked "private property" on the March 15, 2024 trespass affidavit. This contradicts the federal court's assumption that the filings were baseless.

> 2. Fabricated March 15/18 Narrative

> The narrative used to justify the no-trespass order contains demonstrable inaccuracies and omissions, including events that did not occur.

### 3. Ultra Vires No-Trespass Order

> The officer lacked authority to issue a no-trespass order for a public school absent imminent threat. The order violated:
>
> - WSESD policy,
> - VSBIT guidance,
> - Vermont law,
> - and 24 V.S.A. § 90la(e).

### 4. Misrepresentation of Charge Level

> Plaintiff was detained for 24 hours after being told he was held on a felony, though only a misdemeanor was filed.

(Doc. 7 at 3.) Plaintiff argues that "[t]hese facts show Plaintiff's filings were good-faith attempts to correct procedural violations, not harassment." *Id.* The point, however, is not whether others made errors but how many times those errors have been litigated. The fact that Plaintiff feels strongly about these events is understandable, but he cannot repeatedly litigate them in the federal court.

In his supporting memorandum, Plaintiff asserts that the following items of new evidence require that the court vacate the filing injunction: "• [Lieutenant] Petlock's prior acknowledgment of the school's public status, • the fabricated narrative, • the Brattleboro Police Officer Cody Ryan Evans['s] personal knowledge (child enrolled), • and the statutory appeal violation • was not available at the time of the injunction." (Doc. 7-1 at 4.) He declares that "[t]his evidence fundamentally alters the [c]ourt's understanding of Plaintiff's motives and the legitimacy of his filings." *Id.*

"Rule 60(b) allows relief from a judgment or order when evidence has been newly discovered or for any other reason justifying relief from the operation of the judgment." *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 60(b)(2)). The Second Circuit has explained:

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding,

(2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Id.* (quoting *Int'l Bhd. of Teamsters*, 247 F.3d at 392). "In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (internal quotation marks and ellipses omitted). "Evidence that was clearly available at the time of the judgment is not newly discovered for the purposes of a motion under Rule 60(b)(2)." *Pryor v. Berryhill*, 286 F. Supp. 3d 471, 474 (E.D.N.Y. 2017) (internal quotation marks omitted) (quoting *Whitaker v. N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013)).

The evidence which Plaintiff claims is newly discovered consists of (1) a March 2024 no trespass order which allegedly erroneously states the Academy School is private property (Doc. 7-3); (2) a report by Lieutenant Petlock originally filed in the 2023 Vermont Superior Court Case No. 23-cv-209 "showing Lt. Petlock's prior acknowledgement that [the] Academy School is public property" (Doc. 7-2 at 1; Doc. 7-4); (3) a copy of a page from the National Center for Education Statistics which purportedly demonstrates the Academy School is public property (Doc. 7-5); (4) Plaintiff's December 5, 2024 email to the Brattleboro Town Manager appealing his no trespass warning (Doc. 7-6); and (5) a copy of the January 15, 2026 dismissal of the criminal trespass charge filed against him (Doc. 7-7). Except for the January 15, 2026 dismissal, each of Plaintiff's exhibits existed prior to the entry of the filing injunction but Plaintiff "has not provided a justifiable excuse, as required, for why he failed to offer these documents before[.]" *Stokes v. Wayne Cnty.*, 794 F. Supp. 3d 168, 173 (W.D.N.Y. 2025); *see also Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2017 WL 456466, at *8 (S.D.N.Y. Feb. 1, 2017) (denying reconsideration motion in part where the movant "failed to meet [Rule 60(b)(2)'s] standard because it ha[d] not shown that it was diligent in seeking out [the new] evidence").

10

Although the January 15, 2026 dismissal of the criminal trespass charge did not "exist[] at the time of the trial or the other dispositive proceeding[,]" *Mirlis*, 952 F.3d at 50, and thus arguably constitutes "new evidence," it does not materially alter the facts before the court because Plaintiff's proposed Complaints fail to plausibly allege a malicious prosecution in a criminal proceeding against him.

Moreover, even if Plaintiff had satisfied his burden of establishing he was "justifiably ignorant of [the new evidence] despite due diligence," he nonetheless has failed to demonstrate that it "probably would have changed the outcome[.]" *Id.* The court dismissed the proposed Complaints based on the doctrine of *res judicata* and a lack of subject matter jurisdiction. *See Miller v. Apple, Inc.*, 2026 WL 1194593, at *2 (S.D.N.Y. May 1, 2026) (denying Rule 60(b)(2) motion where the court dismissed the complaint for lack of personal jurisdiction over defendant and the newly discovered documents did not alter that determination). In doing so, it did not evaluate the merits of Plaintiff's claims. Plaintiff's proposed new evidence does not alter the court's conclusions that the proposed Complaints must be dismissed.

### E. Whether the Court Failed to Address Plaintiff's Response to the Show Cause Order.

According to Plaintiff, reconsideration is warranted because the court "quotes [his] explanation [to the Show Cause Order] but does not analyze it." (Doc. 7 at 3.) The court stated in the Show Cause Order:

> Plaintiff is hereby ORDERED to show cause . . . why a filing injunction should not be entered and why he should not be barred from filing any future civil actions in this court without first obtaining permission from the court to do so. In other words, Plaintiff must explain why an order restricting further filings in this court should not be entered.

(Doc. 2 at 12.) In response, Plaintiff set forth his disagreements with the court's conclusions in each section of the Show Cause Order. With respect to the issue of the filing injunction, Plaintiff stated:

> [A] filing injunction should not be entered. This matter was brought with merits prepared, this was not to annoy or harass, further such implication blatantly ignores I have better things to do than argue about whether water is wet with the legal system and [its] beneficiaries[.] I don't want to be

11

victimized by the government or subject to ignored offenses against myself, once warned not to file vexatious filings from one filing prior to inexperience and as here these filings are brought to [demonstrate an] ongoing pattern of misconduct attempted for consideration removed from the State court that has erred hardly presents with a pattern of "vexatious" filings.

(Doc. 4 at 19-20.)

In *Moates v. Barkley*, 147 F.3d 207 (2d Cir. 1998), the Second Circuit noted that "the unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Id.* at 208. In the Show Cause Order, the court satisfied *Moates* by providing Plaintiff with notice of a potential filing injunction and an opportunity to explain in writing why one should not be entered. Prior to the Show Cause Order, it expressed its concerns regarding vexatious filings on October 31, 2023. *See Rivard v. United States*, Case No. 2:23-cv-428 (Doc. 3 at 8) (D. Vt. Oct. 31, 2023) (warning Plaintiff that "future multiplicitous filings in this District may result in a filing injunction, especially if Plaintiff has previously asserted the same claims in a previous suit that has been dismissed[]"). Since that initial warning, Plaintiff has filed seven lawsuits.

**F.      Whether the Filing Injunction is Overbroad.**

Plaintiff argues that the filing injunction is "[o]verbroad and [n]ot [n]arrowly [t]ailored" because it "bars all future filings, regardless of: subject matter, defendants, [or] legal theory." (Doc. 7 at 4); *see also* Doc. 7-1 at 5-6 (stating "modification is required because the injunction: • covers all future filings, • covers all defendants, including the U.S. Department of Justice, • is not limited to the subject matter of the dismissed cases, [and] • contains no sunset provision[]"). The filing injunction does not "bar[] all future filings," it merely imposes a screening mechanism. *Id.* Courts in the Second Circuit have issued filing injunctions similar to this one. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing[,] or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotation marks omitted); *Manchanda v. Walsh*, 2024 WL 455204, at *9 (S.D.N.Y. Feb. 5, 2024) ("As to the scope of the

injunction, the [c]ourt deems it appropriate to prohibit [the plaintiff] from filing any lawsuits in this District without leave of court."); *Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, 2012 WL 264603, at *5 (N.D.N.Y. Jan. 30, 2012) ("[A] federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court."). If Plaintiff has a non-vexatious claim that is not subject to a finding that it will be dismissed during the screening process, he shall be allowed to pursue it.

### G.    Whether Changed Circumstances Warrant Modifying the Filing Injunction.

Plaintiff seeks relief from the filing injunction pursuant to Fed. R. Civ. P. 60(b)(5)[4] on the basis of changed circumstance, including "• the trespass charges were dismissed, • all civil claims were jointly settled and dismissed with prejudice, [and] • the no-trespass order was withdrawn." (Doc. 7 at 4); *see also* Doc. 7-1 at 5 (repeating three points). He asserts that, as a result, "[t]here is no risk of duplicative litigation[,]" and "[t]he injunction is now unnecessary." *Id.*

Rule 60(b)(5) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" where "applying [the order] prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). "[A] movant must show, first, that the challenged order is prospective in nature, and second, that it would be inequitable to permit the order to remain in place." *SEC v. Bronson*, 602 F. Supp. 3d 599, 615 (S.D.N.Y. 2022) (internal quotation marks omitted). Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," but may be invoked "if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation marks omitted); *see also Neroni v. Grannis*, 2016 WL 4386009, at *5

---

[4] To the extent Plaintiff challenges the legal conclusions underpinning the filing injunction, such a challenge "is plainly impermissible under Rule 60(b)(5)." *Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, 2026 WL 891128, at *8 (S.D.N.Y. Apr. 1, 2026).

13

(N.D.N.Y. Aug. 17, 2016) ("The goal of Rule 60(b)(5) [is] to 'preserve judicial economy and allow courts to timely correct erroneous judgments[.]'").

The filing injunction in this case is prospective in nature. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1275 (2d Cir. 1994) ("[J]udgments involving injunctions have 'prospective application,' while money judgments do not."). Plaintiff does not argue that a change in the law renders the continued enforcement of the filing injunction inequitable. Although the trespass charges against Plaintiff appear to have been dismissed, Plaintiff's civil claims were allegedly "jointly settled and dismissed[,]" (Doc. 7-1 at 5), and the no-trespass order was allegedly withdrawn, the court concludes these facts do not render the filing injunction "no longer equitable" under Rule 60(b)(5) based on Plaintiff's filing history, the warnings he has received, and the likelihood of vexatious filings in the future if no injunction is issued. *See, e.g.*, *Goodman v. Bouzy*, 2025 WL 3638210, at *1 (S.D.N.Y. Dec. 15, 2025) (refusing to "find that applying the injunction prospectively 'is no longer equitable' under Rule 60(b)(5) merely because one application of the injunction was later reviewed[]"); *New Phone Co. v. N.Y.C. Dep't of Info. Tech. & Telecomms.*, 2007 WL 9706464, at *8 (E.D.N.Y. Oct. 9, 2007), *report & recommendation adopted* 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008) (recommending "that plaintiffs' attempt to relitigate issues already considered and decided, under the guise of a motion to vacate pursuant to Rule 60(b), be denied[]").

## H.    Whether the Injunction Must be Vacated Under Rule 60(b)(1) Because it Rests on Clear Factual Errors.

Plaintiff argues that the injunction must be vacated pursuant to Fed. R. Civ. P. 60(b)(1) "because it rests on clear factual errors[.]" (Doc. 7-1 at 4) (capitalization and emphasis omitted). Plaintiff claims his "filings were good-faith attempts to correct procedural violations, not harassment[,]" and that "[n]ewly discovered evidence shows:

- Academy School is public property, not private.
- Brattleboro Police Officer Adam Petlock knew this, as shown in 23-CV-209.
- The March 15/18 narrative was fabricated.

14

- The no-trespass order was ultra vires.
- The Town Manager violated 24 V.S.A. § 901a(d) by ignoring Plaintiff's appeal."

*Id.*

Rule 60(b)(1) allows relief from an order based on "mistake, inadvertence, surprise, or excusable neglect[.]" In deciding whether relief under Rule 60(b)(1) is warranted, the Second Circuit has identified "four non-exclusive equitable factors that determine what sorts of neglect will be considered 'excusable.'" *William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (summary order) (internal quotation marks omitted and alteration adopted) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Those four factors are: "[i] the danger of prejudice to the non-moving party; [ii] the length of the delay and its potential impact on judicial proceedings; [iii] the reason for the delay, including whether it was within the reasonable control of the movant; and [iv] whether the movant acted in good faith." *See id.* (internal quotation marks omitted). Of these four considerations, the Second Circuit has stated that the preeminent factor in the Rule 60(b)(1) inquiry is "the reason for the delay." *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, 2020 WL 2555281, at *2 (S.D.N.Y. May 20, 2020) (citing *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005)).

Although Plaintiff contends that Rule 60(b)(1) requires the court to vacate the filing injunction due to clear factual errors, his argument rests on Rule 60(b)(2) because he purports to present newly discovered evidence. Because Plaintiff raises a Rule 60(b)(2) argument and fails to present evidence of "mistake, inadvertence, surprise, or excusable neglect[,]" he is not entitled to relief pursuant to Rule 60(b)(1).

## I.    Whether Relief is Required Pursuant to Rule 60(b)(6).

Plaintiff cites Rule 60(b)(6), which permits relief for "any other reason that justifies relief[,]" as grounds for relief because "[t]he injunction was entered without: • specific findings under *Safir*, • analysis of Plaintiff's explanation, • consideration of less restrictive alternatives, • or tailoring." (Doc. 7-1 at 5) (italics supplied).

15

Fed. R. Civ. P. 60(b)(6) is a catchall provision that should be applied only when the movant demonstrates exceptional circumstances. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (cautioning that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances"); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (noting Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule[]") (internal quotation marks and citations omitted). Rule 60(b)(6) "only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.") (internal quotation marks omitted).

Here, Plaintiff's request for relief under Rule 60(b)(6) is foreclosed because his arguments regarding newly discovered evidence, factual and legal errors, and the inequity of applying the injunction arise under Rule 60(b)(1), (2), and (5) which thus cannot be considered under Rule 60(b)(6). Plaintiff's arguments likewise fail under Rule 60(b)(6) because Plaintiff has not met the burden of articulating "extraordinary circumstances" or that the filing injunction presents an "extreme and undue hardship[.]" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

16

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion to vacate or modify the filing injunction. (Doc. 7.) The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __17th__ day of July, 2026.

Christina Reiss, Chief Judge
United States District Court

17